*C. Brown,* for plaintiff.

*A. S. Hartwell* and *F. M. Hatch,* for defendant.

---

CARL HENOCH *vs.* THE HAWAIIAN GOVERNMENT.

EXCEPTIONS.

HEARING, SEPTEMBER 21, 1893.   DECISION, NOVEMBER 2, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

The evidence sustaining the verdict, the Court refuse to set it aside.

OPINION OF THE COURT, BY JUDD, C.J.

The verdict of the jury in this case having been for defendant, the plaintiff excepted to it and moved for a new trial on the ground that it was contrary to law and the evidence. The action was in assumpsit for $1554.29 with interest, for expenses incurred and outlays made by plaintiff residing in Bremen, Germany, as an agent of the Board of Immigration of the Hawaiian Government in endeavoring to secure immigrants to this country either from the Madeira or the Azores Islands. The account shows an expenditure of $4622.79 during 1889 and 1890 by plaintiff in this behalf and a credit of $3000 on the 26th February, 1890, which the

evidence shows was paid by the Planters' Labor and Supply Company. The action is for the residue with interest. The item contested by defendant at the trial was the salary and traveling expenses of one P. A. Dias, who went from Honolulu to Madeira via Bremen and his return fare, amounting in all to $2955.93. It was claimed by defendant that Dias was not employed by the Government but was sent by Hackfeld & Co.

It will be seen that the payment of $3000 on this account more than discharged the outlays for the personal expenses of the plaintiff Henoch and discharged part of the claim made on account of the employment of Dias. The charge for the salary and expenses of Dias went to the jury under instructions which were not excepted to. The sending of Mr. Dias was five months before the appointment of the plaintiff, and the Court charged the jury that if they found that Mr. Dias was not employed by the Government they would not be justified in charging defendant with his salary previous to plaintiff's own appointment. Subsequent to plaintiff's appointment, if they should find that Mr. Dias was a necessary agent or adjunct to Mr. Henoch's carrying out the enterprise on behalf of the Government, they might allow a reasonable salary for him for this period, and his traveling expenses to and fro. To hold the Government liable for Dias' salary and expenses the jury must find either that Dias was employed by the Government or that he was employed by Henoch under his own employment for the purpose of carrying out the contract, and that such employment was necessary. But if, from all the evidence, the jury should be satisfied that this arrangement, (the sending of Mr. Dias) was entirely between Mr. Henoch and Mr. Glade, or of Hackfeld & Co., they could not hold the defendant liable. After hearing the arguments of counsel and carefully reviewing the evidence on both sides, we find sufficient evidence to sustain the verdict. The credibility and weight

of the testimony was within the province of the jury. We overrule the exception.

*F. M. Hatch,* for plaintiff.

*P. Neumann* of counsel for defendant.